**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 20-mj-02081DPR |
| **HEATH E. YARGER,** | |
| **Defendant.** | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community and the appearance of the defendant. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of possession, with intent to distribute, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections and 841(a)(1) and (b)(1)(b);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged by criminal complaint with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), a crime for which the possible term of imprisonment is not less than five years and not more than 40 years imprisonment.

Accordingly, upon a showing that there exists probable cause that the defendant committed the offense referred to in the criminal complaint, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Additionally, Section 3142(e) and (f)(1) provides a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744.

Title 18, United States Code, Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will reasonably assure the safety of

the community. These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his criminal history; and (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Tortora,* 922 F.2d 880, 885-86 (1st Cir.1990). Danger to the community does not only refer to physical violence, but can apply to any likely conduct that will hurt the community, including the potential of continued criminal activity. *See United States v. Tortora,* 922 F.2d 880 (1st Cir.1990).

On December 21, 2020, the defendant fled from Christian County, Missouri, Sheriff's Deputy Zach Drinkall when Deputy Drinkall attempted to conduct a traffic stop on the defendant's vehicle for a registration violation. A pursuit of the defendant ensued, during which the defendant drove at speeds of 100 miles per hour, was swerving and traveling in the middle of the roadway, and nearly struck multiple other vehicles. Stop sticks were deployed as well as a tactical vehicle intervention maneuver to bring the pursuit to a conclusion. The defendant then attempted to flee from law enforcement on foot, before he was detained and taken into custody. In total, the defendant's attempted flight from law enforcement lasted approximately 11 minutes and occurred in both Christian County and Greene County, Missouri.

A search of the defendant's person and his vehicle resulted in the discovery of three separate plastic bags of crystalline substance. All three bags were field tested and produced a positive indicator for methamphetamine. A bag found in the defendant's left jacket pocket weighed approximately 44.2 grams, including packaging. The two remaining bags, found in the passenger seat floorboard and the center console of the vehicle, had a combined weight of approximately 291.8 grams, including packaging.

3

For the reasons set forth above, the United States requests that a detention hearing be held, and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By   */s/ Cameron A. Beaver*
Cameron A. Beaver
Special Assistant United States Attorney
Missouri Bar No. 67947
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on December 28, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Cameron A. Beaver*
Cameron A. Beaver
Special Assistant United States Attorney
